## BODNER v. CRECCO.

(Supreme Court, Appellate Term. November 12, 1909.)

1. PAYMENT (§ 89*)—RECOVERY—MISTAKE—RIGHT OF ACTION.

Under the terms of a lease, the lessee deposited with the lessors the amount of two months' rent as security for performance of the lessee's covenants, to be applied to the payment of the rent of the last two months of the term, provided all the conditions and covenants of the lease be complied with. By successive assignments all rights and interest of the lessee in the lease were transferred to plaintiff. The lessors gave a deed of the property, expressly subject to the lease, and the grantees gave a lease thereof to defendant, expressly subject to the first lease, and providing that they would turn over to defendant $160 paid by the first lessee as security for payment of his rent to defendant, who shall hold it as security as aforesaid. *Held*, in an action to recover the rent of the last two months, paid under mistake, that defendant's relation to plaintiff, as regards the original lease and deposit, was the same as that between the original parties, so the action for money had and received would lie.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 291; Dec. Dig. § 89.*]

2. PAYMENT (§ 89*)—RECOVERY—MISTAKE—PLEADING AND EVIDENCE.

The right of plaintiff, assignee of a lease, to recover the rent for the last two months of the lease, paid by him under mistake, depending on whether the covenants and conditions of the lease to be performed by the lessee had been performed, and the lease providing that, if they be performed, the amount of two months' rent deposited as security for their performance should be applied to the payment of the rent of the last two months, he had the burden of showing such performance, alleged by the complaint, and denied by the answer.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 294; Dec. Dig. § 89.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court; Borough of Manhattan, First District.

Action by Herman Bodner against Antonio Crecco. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Morrison & Schiff, for appellant.

Alfred L. M. Bullowa, for respondent.

PER CURIAM. There is no dispute as to the facts of this case, and defendant introduced no evidence. One Baum and one Lapin, as owners of certain premises, leased a portion thereof to one Ressler from November 1, 1902, to November 1, 1907, at a rental of $80 a month. Under the lease the said Ressler deposited with Baum and Lapin $160 as security for the faithful performance of the covenants of said lease by Ressler, and it was stipulated that the said sum, so deposited, was "to be applied to the payment of the last two months' rent of the term herein, provided all conditions and covenants have been complied with." Said Ressler assigned all his rights and interest in said lease to one Fiedler, who, in turn, assigned all his rights and interest therein to the plaintiff. Meanwhile said Baum and Lapin conveyed the entire premises to one Pittelli and one Barbieri, with the express stipulation in the deed that such conveyance was subject to the lease in suit, above mentioned, and thereafter said Pittelli and Barbieri leased the entire premises to defendant, with an express stipulation that such letting was subject to the said lease in suit. In the said lease from Pittelli and Barbieri to defendant appears also the following agreement:

" * * * And the landlords hereto hereby agree that they will turn over to said Crecco [defendant] the sum of $160, which is to be paid by the lessee of said store and basement as security for the payment of his rent unto said Crecco, who shall hold the same as security as aforesaid."

It therefore appears that defendant was placed toward plaintiff in the same position as that occupied by Baum and Lapin toward Ressler, so far as this lease and deposit were concerned. Plaintiff, by mistake and in ignorance of his rights, paid the last two months' rent, which was to have been paid, under the terms of the lease, by the said deposit, if the lessee had fulfilled all his obligations under the lease. The plaintiff sues to recover the $160 so paid by mistake for the rent of the last two months. The court dismissed the complaint for failure of proof. Plaintiff appeals.

While it is true that a covenant to return a deposit is not one that runs with the land, but is a personal one, still that doctrine does not apply here, as by express agreement defendant received this deposit of $160 to be applied to the payment of the last two months' rent, and for no other purpose; and, as that rent has been paid under mistake by plaintiff, he is entitled to recover it back, since by the deposit defendant had already been paid the rent for those two months. This action for money had and received was properly brought.

The only failure of proof was with respect to the omission of plain-

tiff to show affirmatively that he had fulfilled all the conditions of the lease. He alleges such fulfillment by Ressler, Fiedler, and himself, which allegation is denied by the answer. It was, therefore, incumbent upon plaintiff to show such fulfillment, as it was a condition precedent to plaintiff's right to have the said deposit applied on the payment of rent, as aforesaid. The justice was right, therefore, in holding that there was a failure of proof.

The judgment must be affirmed, with costs, but without prejudice to another action.